BROWNING–FERRIS INDUSTRIES OF ILLINOIS, INCORPORATED, Apache Products Company, Tamms Industries, et al., Plaintiffs–Appellees,

v.

Richard TER MAAT, AAA Disposal Systems, Incorporated, and MIG Investments, Incorporated, Defendants–Appellants.

No. 00–4188.

United States Court of Appeals, Seventh Circuit.

Submitted April 19, 2001.

Decided May 30, 2001.

Before BAUER and POSNER, Circuit Judges.

### ORDER[1]

PER CURIAM.

This is a sequel to *Browning–Ferris Industries of Illinois, Inc. v. Ter Maat,* 195 F.3d 953 (7th Cir.1999), and familiarity with that opinion is assumed. Browning–Ferris sued Richard Ter Maat and two corporations controlled by him, M.I.G. and AAA, seeking contribution under the Superfund statute for the costs it had incurred in cleaning up a contaminated landfill. The district court allocated some of those costs to the two corporate defendants. The plaintiff, Browning–Ferris, appealed. We affirmed in part, but remanded for a redetermination of Ter Maat's personal liability and a determination of whether any liable defendants should be jointly liable, meaning that each one would be fully liable for the judgment; this was important because M.I.G. is assetless.

On remand, the district court, applying the standard we had laid down for determining personal liability in a Superfund case, found that Mr. Ter Maat was indeed personally liable, having supervised the day to day operations of the landfill including the dumping of wastes, the source of the contamination that required the clean up by Browning–Ferris. He further found that, since all three defendants had participated in the operations of the landfill, all three were indeed jointly liable.

■■■■ The defendants have appealed, arguing primarily that the standard we laid down in our previous opinion for de-

termining whether an individual is personally liable under the Superfund statute for pollution by his corporation is erroneous. In so arguing, however, the defendants fail to reckon with the law of the case doctrine, which in the absence of special circumstances not shown here required the district court and requires us to follow the rules of law laid down by us in a previous stage of the lawsuit. This aside, as convincingly shown in the district court's opinion on remand, the evidence of Mr. Ter Maat's personal operation of the landfill, including the dumping operations that produced the contamination, is overwhelming. The same is true with regard to the evidence that all three defendants were directly involved in the operation of the landfill and so are jointly liable for the portion of the clean-up costs that the district court has allocated to the defendants rather than to the plaintiff.

AFFIRMED.

1. As a result of circumstances that arose after the court's decision in the earlier appeal,

---

F.3d 953 (7th Cir.1999), Judge Ripple has not participated in the decision of this appeal.

